UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD SEPULVEDA,

Plaintiff,

v.

MAHER ABDO AHMED NAGI,

Defendant.

No.  2:24-cv-03422-DC-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff Richard Sepulveda's motion for a default judgment (ECF No. 11) was heard before the undersigned on June 5, 2025.  No appearance was made by Defendant or on his behalf. The motion for default judgment is before the undersigned pursuant to Local Rule 302(c)(19). The Court hereby recommends that the motion be granted.

**BACKGROUND**

Plaintiff initiated this matter by filing a complaint on December 9, 2024.  ECF No. 1. Plaintiff alleges that he is a person with a disability who has been designated 100% disabled by the Veterans Administration and uses a walker.  ECF No. 1 at ¶ 6.  Defendant is Maher Abdo Ahmed Nagi, who is alleged to be the owner and operator of the business Alex & Sons Liquors (the "Business").  *Id*. at ¶¶ 3, 7.  Plaintiff alleges that he visited the Business on or about June 16,

1

2024, for the purpose of buying food and drink, and that he was deterred from visiting on November 13, 2024, due to the ongoing existence of barriers. *Id.* at ¶ 12. Plaintiff lives in Manteca, California, approximately eighteen miles from where the Business is located, routinely travels through the area, and plans to return to the Business when it is made accessible. *Id*. at ¶ 14.

Plaintiff alleges he encountered various barriers to access, including that the Business did not have a properly designated disabled-accessible parking space. *Id.* at ¶ 4(a). Plaintiff alleges there was not proper signage for the disabled parking space. *Id.* Inside the Business, Plaintiff alleges the aisles were too narrow. *Id*. at ¶ 4(b). Plaintiff alleges this made it difficult and laborious to move about without bumping into display products and he noticed an employee "watching him with concern" and that made him feel embarrassed. *Id.* Plaintiff also alleges the service counter was not the correct height and width. *Id*. at ¶ 4(c). Plaintiff contends the parking issues could be addressed by new painting and signage for a cost of likely less than $5,000, and that the cost of remedying the interior issues would probably be less than $500. *Id*. at ¶ 5.

Plaintiff's complaint alleges four causes of action: 1) violation of the ADA; 2) violation of California Health and Safety Code §§ 19955, *et seq*.; 3) violation of California's Civil Rights Acts; and 4) violation of California's Unruh Act. ECF No. 1 at ¶¶ 18-70. Plaintiff seeks injunctive relief, statutory damages under California law, and litigation costs and fees. ECF No. 1 at 22.

Plaintiff filed proof of service of process on March 5, 2025. ECF No. 5. Plaintiff requested entry of default on March 5, 2025. ECF No. 6. The request was supported by the declaration of Plaintiff's counsel, Richard MacBride, who averred that Defendant had been served. On March 6, 2025, the Clerk entered default. ECF No. 7.

On April 13, 2025, Plaintiff filed a motion for default judgment. ECF No. 11. Plaintiff seeks $8,000 in statutory damages, attorney fees of $2,415, costs of $739.50, and injunctive relief. ECF No. 11-2 at 21-22. The motion for default judgment states that it was served on Defendants. ECF No. 11-3. The matter was heard on June 5, 2025, and no appearance was made by any Defendant or on their behalf.

2

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977)); *see also DirectTV v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  *See Dundee*, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  *Dundee*, 722 F.2d at 1323-24; *see also James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion.  *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court considers a variety of factors in exercising its discretion.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among them are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

**1.  The *Eitel* Factors Favor Entry of Default Judgment**

**a.  Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered.  *Eitel*, 782 F.2d at 1471.  Prejudice can be established where failure to enter a default judgment would leave plaintiff without a proper remedy.  *See Pepsico, Inc. v. Cal.*

3

*Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002).  Without entry of default judgment, Plaintiff is without recourse for recovery or remediation of barriers.  ECF No. 11 at 7.  Accordingly, the first factor weighs in favor of default judgment.

### b.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors jointly examine whether the plaintiff has pleaded facts sufficient to establish and succeed upon its claims.  *See Pepsico, Inc.*, 238 F.Supp.2d at 1175 (citation omitted).  Although Plaintiff's complaint asserts four causes of action, he seeks default judgment under only the ADA and Unruh Act.[1]  Thus, the Court will examine the merits of those claims and sufficiency of the complaint below.

### i.  Title III ADA Claim

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To succeed on an ADA claim, the plaintiff must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.  *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

As to the third element, "[t]he concept of 'discrimination' under the ADA does not extend only to obviously exclusionary conduct ... Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' 'full and equal enjoyment' of places of public accommodation."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quotations omitted).  Thus, "[d]iscrimination includes a failure to remove architectural barriers in existing facilities where such removal is readily achievable."  *Molski*, 481 F.3d at 730 citing 42 U.S.C. § 12182(b)(2)(A)(iv).

---

[1] ECF No. 11 at 8 ("This motion for default judgment addresses only the claims for violation of the ADA and Unruh Act.").

4

Here, Plaintiff alleged that he is disabled and uses a walker.  Plaintiff alleged that Defendant is the owner and operator of the Business and the Business is a retail establishment offering food and drink.  Plaintiff alleged that elements of the parking and interior features such as aisle width and counter height do not comply with the United States Access Board ADA Accessibility Guidelines ("ADAAG").  The ADAAG lay out the technical structure requirements for places of public accommodation and provide an objective standard for architectural features. *See Fortune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080-81 (9th Cir. 2004).  Plaintiff alleged that the parking and interior features interfered with his access to and enjoyment of the Business.  Plaintiff has sufficiently alleged a violation of the ADA.

### ii.  Unruh Act

In the disability context, the Unruh Act "operates virtually identically to the ADA" and "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731.  Therefore, the Court finds that Plaintiff has sufficiently alleged an Unruh Act claim. Accordingly, the Court concludes the second and third *Eitel* factors favor granting default judgment.

### c.  Sum of Money at Stake

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176-77.  The factor weighs against default judgment when a large sum of money is at stake.  *Eitel*, 782 F. 2d. at 1472.  "When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored." *Freligh v. Roc Asset Solutions*, LLC, Case No. 16-cv-653-MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016).

Here, Plaintiff seeks $8,000 in statutory damages and $3,154.50 in attorney fees and costs. ECF No. 11 at 19.  While this may be a large amount for a small business to have to pay, it is still relatively modest.  This factor does not weigh against default judgment.

### d.  Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute regarding material facts exists.  *See Eitel*, 782 F.2d. at 1471-72.  Here, Defendant failed to appear, leading to entry of default.  Given

5

the circumstances, there is no possibility for a dispute of material fact. *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). This factor weighs in favor of a default judgment.

###### e.   Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the failure to answer is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor considers due process—ensuring defendants are given reasonable notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Here, Defendant was properly served with a copy of the complaint. Additionally, the instant motion for default judgment was served on Defendant. ECF No. 11-3. Under the circumstances, it is unlikely that Defendant's actions in failing to appear were the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion). This factor does not weigh against default judgment.

###### f.   Policy of Deciding Cases on the Merits

The seventh *Eitel* factor considers the courts' general disposition favoring judgments on the merits. *Eitel* 782 F.2d at 1472. The Defendant's failure to appear has made a judgment on the merits impossible. Accordingly, this factor does not weigh strongly against a default judgment. In consideration of all the *Eitel* factors, the undersigned finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

### 2.   Terms of Judgment

The undersigned, having found default judgment is appropriate, must now address the issue of damages and injunctive relief. After considering Plaintiff's briefing and the record in this case, the undersigned recommends an award of statutory damages pursuant to the Unruh Act in the amount of $8,000, attorney fees of $2,415, and costs in the amount of $592.50. The

undersigned recommends the Court grant injunctive relief as set forth below.

### a. Statutory Damages Under the Unruh Act

Plaintiff seeks damages under the Unruh Act. "A violation of the right of any individual under the [ADA] shall also constitute a violation of this section." Cal. Civil Code § 51(f). The Unruh Act provides for statutory damages, stating that: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 ... is liable for each and every offense for the actual damages ... up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court...." Cal. Civil Code § 52(a). A victim of discrimination, however, "need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski,* 481 F.3d at 731. Furthermore, "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation" to award damages under the Unruh Act. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004).

A plaintiff can receive a statutory award for each of multiple visits to a business. *See Johnson v. Guedoir*, 218 F.Supp.3d 1096, 1103 (E.D. Cal. 2016) (discussing statutory damages under the Unruh Act and stating: "The general consensus of cases allow for a plaintiff to recover statutory damages for multiple visits to a facility."). As evidenced by the cases in Plaintiff's briefing, courts regularly award statutory damages in the $8,000 to $16,000 range for cases with multiple visits. ECF No. 11 at 17-18. On the other hand, the California Supreme Court has suggested in dicta that there may be "potential equitable defenses" and "constitutional limitations on damage awards that are based upon violation of a statute[.]" *Angelucci v. Century Supper Club*, 41 Cal.4th 160, 179-180 (2007). Additionally, some courts have found a duty to mitigate damages. *See Johnson*, 218 F.Supp.3d at 1103 ("the cases that have found a failure to mitigate on a plaintiff's part have involved situations where the plaintiff sought recovery of multiple visits to a non-compliant facility in a short amount of time."). However, as Defendant is in default, no arguments concerning limitation of statutory damages or mitigation have been presented. Additionally, Plaintiff's visit and attempted visit to the Business were five months apart. The Court recommends awarding the requested $8,000 in statutory damages.

7

### b. Attorney Fees and Costs

Under the ADA, a prevailing party may recover attorney fees.  *See* 42 U.S.C. § 12205. Additionally, a party found to have violated the Unruh Act is liable for attorney fees. Cal. Civ. Code § 52(a).  In assessing the reasonableness of a fee award, district courts start with "the lodestar method, multiplying the number of hours reasonably expended by the reasonable hourly rate." *Ryan v. Editions Ltd., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he or she was required to spend on the case." *Id.* (quotation omitted).  The district court may reduce fees to reflect the party's limited degree of success, to account for block billing, or deduct hours that the court deems excessive. *Id*. "Ultimately, the district court has discretion in determining a reasonable fee, but the court must exercise that discretion consistently with the principles described above." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).

Plaintiff seeks a fee rate of $350 per hour.  Plaintiff has been practicing law for over 25 years, and has experience litigating ADA claims.  ECF No. 11-1 at 1.  The Court finds the $350 rate to be reasonable.  Plaintiff spent a modest amount of time on this matter—6.9 hours—which the undersigned finds to be reasonable.  Thus, the undersigned recommends approving the attorney fee request of $2,415.

As to costs, Plaintiff's counsel does not discuss costs in his declaration other than in a footnote in his "matrix time sheet of attorney's fees and costs[.]" ECF No. 11-1 at 4.  The description of costs is as follows: "Costs: Obtain ownership deed information from assessor's office $150. Filing fee $402. Service of process $187.50.  Total Costs: $739.50." ECF No. 11-1 at 4.  Counsel provides no documentation to support the claimed fees incurred from the assessor's office for obtaining the ownership deed.

"The party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Feltzin v. Union Mall LLC*, 393 F.Supp.3d 204, 218 (E.D. NY 2019).  The ADA under § 12205 allows recovery for "litigation expenses" which generally includes "costs related

8

to filing fees, process servers, postage, and photocopying." *Id*. at 218 (citation omitted). "Filing fees are recoverable without supporting documentation if verified by the docket." *Id.* at 219. Process server fees are recoverable but must be supported by documentation. *Id.*; *see also Joe Hand Promotions v. Albright*, 2013 WL 4094403 (E.D. Cal. 2013) (denying service fees as costs because they were "insufficiently documented").

The Court can discern from the docket that the $405 filing fee was paid, and that cost should be awarded. No documentation was provided with the request for fees to substantiate the $187.50 of claimed expenses for service of process; however, that amount is confirmed in the document submitted as proof of service. ECF No. 5. Finally, Plaintiff also seeks $150 for obtaining deed ownership information from the assessor's office. There is no documentation to support this amount, and it will be denied. *See Feltzin*, 393 F.Supp.3d at 219 (denying $200 for title search due to failure to provide supporting documentation). Thus, the Court recommends an award of costs of $405 plus 187.50, for a total of $592.50.

### c. Injunctive Relief

The Complaint and the motion for default judgment request injunctive relief concerning parking and the interior features**.** Section 12188(a)(2) of the ADA allows for injunctive relief to "include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). In order to obtain injunctive relief, a plaintiff needs to show that remediation of the barriers was "readily achievable." *Sepulveda v. Cong*, 2020 WL 7232900, *6 (N.D. Cal. 2020), citing *Moreno v. La Curacao*, 463 F.App'x 669, 670 (9th Cir. 2011). Plaintiff has alleged in the complaint that removal of the identified barriers to access is readily achievable and would likely cost less than $5,500 combined to remediate the parking and interior features. ECF No. 1 at ¶ 5. The Court recommends that Plaintiff be granted injunctive relief as requested in the motion and proposed order. ECF No. 11-2 at 21-22.

### CONCLUSION

Having considered the *Eitel* factors, the undersigned finds they weigh in favor of a default judgment for Plaintiff. The undersigned finds that an award of statutory damages in the amount

9

of $8,000.00 is appropriate, plus an award of fees and costs.

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's motion for default judgment (ECF No. 11) be GRANTED as set forth herein;

2.  Judgment be entered in favor of Plaintiff and against Defendant in the sum of $11,007.50, as follows:

    a.  $8,000.00 in statutory damages under the Unruh Act;

    b.  $2,415.00 in attorney's fees; and

    c.  $592.50 in costs.

3.   Judgment shall also include injunctive relief requiring the Defendants to provide the following:

    a.  A compliant disabled parking space, as follows.  A properly designated disabled-accessible van-accessible parking space on the shortest accessible route to the main entrance, in compliance with ADAAG 4.6.2 (1991) (requiring shortest route), 4.1.2(b) (1991) (one in eight, but no less than one, must be "van accessible" as per ADAAG 4.6.4); and ADAS §208, §208.3.1; §502 (requirement for parking space), and §502.3 (requirement for access aisle)(2010 standards).  Further, proper signage for a disabled parking space, in compliance with ADAAG 4.6.4 (1991 standards) and ADAAG 502.6 (2010 standards), ADAAG 4.6.4 (1991 standards), and 502.6 and 703.2.1 (2010 standards)(signage, and parking space designated "van accessible").  Further, make the space compliant with California Building Code ("CBC") 11B 208.3.1 (parking space on shortest accessible route); CBC11B-208 (paint to delineate the space itself and an access aisle), CBC11B-705.1.2.5 (detectable warnings at hazardous vehicle areas), CBC11B-502.2 (proper vehicle space dimensions), CBC11B-502.6.4 (surface identification), CBC11B-502.6 ("$250 fine" sign; "van accessible" sign), CBC 11B-208.2.4 ("van accessible" space required for one in every six spaces); and CBC 11B-502.3.3 ("no parking" was not painted

10

in a properly configured access aisle).

    b. Shopping aisles at least 36 inches wide, and 44 inches wide when serving both sides, and 48 inches at the turns, in compliance with ADAAG 4.2 and 4.3 (1991), ADAS 403.5.1 (2010), and CBC 11B-403.5.1 and CBC 11B-403.5.2.

    c. A service counter for sales and take-out no more than 36 inches high and no less than 36 inches wide, in compliance with ADAAG 7.2(1) (1991 standards) and 904.4 (2010 standards, and CBC 11B-904.3.2 and 11B 904.4.1.

    d. That these standards be subject to the "readily achievable" standard and susceptible to alternative methods if not "readily achievable."

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11