UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD SEPULVEDA,

Plaintiff,

v.

MAHER ABDO AHMED NAGI.,

Defendant.

No. 2:24-cv-03422-DC-SCR

ORDER TO SHOW CAUSE

This matter is before the court on the pending findings and recommendations issued by the assigned magistrate judge on July 6, 2026, recommending that Plaintiff's motion for default judgment (Doc. No. 11) be granted. (Doc. No. 17.) Specifically, the magistrate judge found that Plaintiff is entitled to default judgment on his claim under the Americans with Disabilities Act ("ADA") and California's Unruh Act, and recommended the court grant Plaintiff's motion, award $8,000 in statutory damages under the Unruh Act, award $2,415.00 in attorneys' fees and $592.50 in costs, and order Defendant to make changes and accommodations at the subject property in compliance with Americans with Disabilities Act Accessibility Guidelines. (*Id.* at 10–11.) The pending findings and recommendations, however, do not address the issue of supplemental jurisdiction over the Unruh Act claim—specifically, whether this court should exercise supplemental jurisdiction.

Indeed, as Plaintiff and Plaintiff's counsel are aware from their litigation in this court and

the Northern District of California, courts find exceptional circumstances exist to decline supplemental jurisdiction over an Unruh Act claim because "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court." *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (citation omitted); *see also Sepulveda v. Mann Bros Truck Stop Inc.*, No. 2:24-cv-01863-DC-AC, ECF No. 18 (E.D. Cal. Aug. 18, 2025 (ordering plaintiff to show cause why the court should not adopt in part the findings and recommendations as to Plaintiff's ADA claim, attorneys' fees, and injunctive relief, but decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim); *Sepulveda v. Perez*, No. 23-cv-03897-EMC, 2024 WL 3748006, at *3 (N.D. Cal. Aug. 8, 2024) (requiring plaintiff to show cause "why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim—especially as he concedes he is a high-frequency litigant, which thereby implicates specific procedural requirements imposed by the California legislature if the Unruh Act claim were litigated in state court"); *Sepulveda v. Valtoha Inc.*, No. 2:24-cv-01497-DC-CSK, 2025 WL 1742739, at *3 (E.D. Cal. June 24, 2025), report and recommendation adopted, 2025 WL 2299827 (E.D. Cal. Aug. 8, 2025) (explaining that retaining jurisdiction is not warranted "[e]specially in light of California's requirements for Unruh Act claims, such that it would not be fair, nor would comity be served, if Plaintiff would be able to proceed on his state law claims in this Court and 'wholly thwart' California's policy objectives in this area") (citation omitted).

Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE, within seven (7) days from the date of entry of this order, why the court should not adopt in part the findings and recommendations as to Plaintiff's ADA claim, attorneys' fees and costs, and injunctive relief, but decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Dena Coggins
United States District Judge