UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br>Plaintiff,<br>v.<br>MAHER ABDO AHMED NAGI,<br>Defendant. | No. 2:24-cv-3422-DC-SCR<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART</u><br><br>(Doc. Nos. 11, 17) |

On December 9, 2024, Plaintiff filed this civil action against Defendant Maher Abdo Ahmed Nagi (Doc. No. 1.) On March 6, 2025, the Clerk of the Court entered default as to Defendant because it was served with the summons and complaint and did not file a timely answer, responsive pleading, or otherwise appear in this action. (Doc. Nos. 6, 7.) On April 13, 2025, Plaintiff filed the pending motion for default judgment. (Doc. No. 11.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.

On July 6, 2026, the magistrate judge issued findings and recommendations recommending that Plaintiff's motion for default judgment be granted. (Doc. No. 17.) Specifically, the magistrate judge found that Plaintiff is entitled to default judgment on his claim under the Americans with Disabilities Act ("ADA") and California's Unruh Act, and recommended the court grant Plaintiff's motion, award $8,000 in statutory damages under the Unruh Act, award $2,415.00 in attorneys' fees and $592.50 in costs, and order Defendant to make

changes and accommodations at the subject property in compliance with Americans with Disabilities Act Accessibility Guidelines. (*Id.* at 10.) The findings and recommendations contained notice that any objections to the findings and recommendations were to be filed within twenty-one (21) days after service. (*Id.*) No objections were filed, and the time to do so has passed.

The findings and recommendations did not address the issue of whether the court should exercise supplemental jurisdiction over the Unruh Act claim. Consequently, the undersigned issued an order to Plaintiff to show cause "why the court should not adopt in part the findings and recommendations as to Plaintiff's ADA claim, attorneys' fees and costs, and injunctive relief, but decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim." (Doc. No. 18 at 2.)

On July 29, 2026, Plaintiff filed a response to the order to show cause. (Doc. No. 19.) Plaintiff asserts that "at present he is no longer a 'high frequency litigant,'" and thus the court should exercise supplemental jurisdiction over his Unruh Act claim. (*Id.* at 1, 3.) To support this assertion, Plaintiff notes that he has filed a declining number of cases, filing only one ADA case in the last 12 months (i.e., between July 29, 2025 and July 29, 2026). (*Id.*) However, Plaintiff's assertion is misplaced because California Civil Procedure Code § 425.55 defines "high frequency litigant" as a "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period *immediately preceding the filing of the current complaint* alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1) (emphasis added). Plaintiff's status as a high frequency litigant was thus determined on December 9, 2024, when he filed the complaint in this case, and that status does not change during the course of this litigation. Having searched the federal PACER system for both this court and the United States District Court for the Northern District of California, the court has identified 28 construction-related ADA cases filed by Plaintiff during the relevant time period of December 9, 2023 through December 9, 2024. For this reason, Plaintiff's argument that he should no longer be deemed a high frequency litigant fails.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

*de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's response to the court's order to show cause, the court concludes that the findings and recommendations are supported by the record and by proper analysis as to Plaintiff's ADA claim and his request for attorneys' fees and costs and injunctive relief. But the court will decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. California state law imposes additional procedural requirements on high-frequency litigants bringing construction-related ADA claims. *Arroyo v. Rosas*, 19 F.4th 1202, 1205–07 (9th Cir. 2021). As the Ninth Circuit recognized, allowing plaintiffs to maintain Unruh Act claims in federal court undermines "the procedural strictures that California put in place" and renders them "largely toothless." *See id.* at 1213. Thus, as other courts have concluded, here too, "it would not be 'fair' to [Defendant] and 'an affront to the comity between federal and state courts' to allow [Plaintiff] to evade California's procedural requirements by bringing [his] claim[] in federal court." *See Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (citation omitted). Thus, the findings and recommendations will be adopted in part.

Accordingly,

1. The Order to Show Cause issued on July 29, 2026 (Doc. No. 18) is discharged;
2. The findings and recommendations issued on May 23, 2025 (Doc. No. 17) are ADOPTED in PART;
3. Plaintiff's motion for default judgment (Doc. No. 11) is GRANTED in PART, as follows;
    a. Default judgment is entered in favor of Plaintiff and against Defendant on Plaintiff's ADA claim;
    b. Plaintiff is awarded $2,415.00 in attorneys' fees and $592.50 in costs;
    c. Injunctive relief is awarded such that Defendant is ordered to make changes and accommodations at the subject property located in compliance with the Americans with Disabilities Act Accessibility Guidelines, including
        i. A compliant disabled parking space, as follows. A properly

designated disabled-accessible van-accessible parking space on the shortest accessible route to the main entrance, in compliance with ADAAG 4.6.2 (1991) (requiring shortest route), 4.1.2(b) (1991) (one in eight, but no less than one, must be "van accessible" as per ADAAG 4.6.4); and ADAS §208, §208.3.1;§502 (requirement for parking space), and §502.3 (requirement for access aisle)(2010 standards). Further, proper signage for a disabled parking space, in compliance with ADAAG 4.6.4 (1991 standards) and ADAAG 502.6 (2010 standards), ADAAG 4.6.4 (1991 standards), and 502.6 and 703.2.1 (2010 standards)(signage, and parking space designated "van accessible"). Further, make the space compliant with California Building Code ("CBC") 11B 208.3.1 (parking space on shortest accessible route); CBC11B-208 (paint to delineate the space itself and an access aisle), CBC11B-705.1.2.5 (detectable warnings at hazardous vehicle areas), CBC11B-502.2 (proper vehicle space dimensions), CBC11B-502.6.4 (surface identification), CBC11B-502.6 ("$250 fine" sign; "van accessible" sign), CBC 11B-208.2.4 ("van accessible" space required for one in every six spaces); and CBC 11B-502.3.3 ("no parking" was not painted in a properly configured access aisle).

ii. Shopping aisles at least 36 inches wide, and 44 inches wide when serving both sides, and 48 inches at the turns, in compliance with ADAAG 4.2 and 4.3 (1991), ADAS 403.5.1 (2010), and CBC 11B-403.5.1 and CBC 11B-403.5.2.

iii. A service counter for sales and take-out no more than 36 inches high and no less than 36 inches wide, in compliance with ADAAG 7.2(1) (1991 standards) and 904.4 (2010 standards, and CBC 11B-904.3.2 and 11B 904.4.1.

iv. That these standards be subject to the "readily achievable" standard and susceptible to alternative methods if not "readily achievable.

d. The court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismisses that claim without prejudice; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Dena Coggins
United States District Judge